AUSA: William K. Stone

# 23 MAG 6710

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FELIPE ACEVEDO,<br><br>Defendant. | **COMPLAINT**<br><br>Violation of 18 U.S.C. §§ 922(g)<br><br>COUNTY OF OFFENSE:<br>NEW YORK |

SOUTHERN DISTRICT OF NEW YORK, ss.:

      DEAN CONIGLIARO, being duly sworn, deposes and says that he is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and charges as follows:

## COUNT ONE
### (Possession of a Firearm After a Felony Conviction)

      1.    On or about October 5, 2023, in the Southern District of New York and elsewhere, FELIPE ACEVEDO, the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit, one Charter Arms .38 Special caliber revolver, and the firearm was in and affecting commerce.

      (Title 18, United States Code, Section 922(g)(1).)

      The bases for my knowledge and for the foregoing charges are, in part, as follows:

      2.    I am a Special Agent with the ATF. This affidavit is based on my personal participation in the investigation of this matter, my conversations with other law enforcement officers, my conversations with officers of the United States Probation Office for the Southern District of New York ("Probation"), and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

      3.    Based on my review of the criminal history record of FELIPE ACEVEDO, the defendant, I have learned the following:

          a.    ACEVEDO was previously convicted of conspiracy to distribute crack cocaine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B), and possessing a firearm in furtherance of a drug distribution offense, in violation of Title 18, United States Code, Section 924(c)(1)(A), in the United States District Court for the Southern District of New York. On May 1, 2015, ACEVEDO was sentenced to time served and 3 years' probation.

b. ACEVEDO was previously convicted of possessing a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A), in the United States District Court for the Northern District of New York. On February 13, 2020, ACEVEDO was sentenced to a term of imprisonment of 60 months, to be followed by three years' supervised release.

c. On or about October 7, 2021, ACEVEDO pleaded guilty in the United States District Court for the Southern District of New York to violating the terms of his supervision by possessing a firearm in furtherance of a drug trafficking crime. On October 21, 2021, ACEVEDO's probation term was revoked and he was resentenced to a term of one year and one day of imprisonment on the charges and specifications, to be followed by two years' supervised release. His term of supervised release commenced on August 26, 2022, and was set to conclude on August 26, 2024. Based on my review of the October 21, 2021 judgment, I know that the terms of ACEVEDO's supervised release include the requirement that ACEVEDO "shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the [P]robation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found" (the "Search and Seizure Special Condition").

4. Based on my conversations with Probation officers and other law enforcement officers, as well as my review of Probation Reports, I have learned, among other things, the following:

a. On or about October 5, 2023, Probation officers, accompanied by officers and agents from the New York City Police Department, ATF, and the Drug Enforcement Administration, executed a search of a residence that the Probation officers knew to be that of FELIPE ACEVEDO, the defendant, in Manhattan, New York (the "Residence"), pursuant to the Search and Seizure Special Condition.

b. As the Probation officers were conducting the search, ACEVEDO stood outside the apartment accompanied by several officers. The Probation officers informed ACEVEDO, in substance and in part, that they were doing a search pursuant to the Search and Seizure Special Condition and asked whether ACEVEDO possessed anything he was not allowed to possess under the terms of his supervised release. While standing outside the Residence, ACEVEDO asked how long the search would take, and a Probation supervisor informed ACEVEDO, in substance and in part, that the search would go more quickly if he indicated where any material he was not allowed to possess could be found. ACEVEDO then informed the Probation officers, in substance and in part, that he had a gun on the top shelf of the closet near his bedroom. ACEVEDO then walked the Probation officers to the closet in the hallway of the Residence near the bedroom (the "Closet").

c. The Probation officers then searched the Closet and recovered:

i. a "U.C. Lite" Charter Arms .38 Special caliber revolver with a defaced serial number and duct tape around the handle behind a black bag on the top shelf of the Closet; and

ii. multiple rounds of ammunition, including 5 rounds of .38 caliber Special Federal ammunition, also on the top shelf of the Closet.

d. After finding the firearm, the Probation officers read ACEVEDO his *Miranda* rights. ACEVEDO indicated that he understood his rights.

e. Upon entering the bedroom of the Residence, the Probation officers recovered:

i. one black 9mm Glock magazine inside a beige and black satchel behind the bed under the bedroom window (the "Satchel");

ii. 14 rounds of 9mm caliber ammunition, 5 rounds of .380 caliber ammunition, and 1 round of .45 caliber ammunition inside a red bag with the label "Trufflez" inside the Satchel; and

iii. a white bag containing 48 paper folds of white and/or brown powder which I believe, based on my training and experience, are narcotics, and which had a gross weight with packaging of 14 grams, in the right back pocket of a pair of grey jeans on top of a dresser next to the bedroom door.

f. While searching the Residence, the Probation officers also recovered what I believe, based on my training and experience, to be narcotics distribution paraphernalia, including a black scale with white residue on it from a closet in the hallway of the Residence, and a white bag containing multiple paper folds and multi-colored plastic caps on the dining room table.

g. While searching the dining room of the Residence, the Probation officers recovered what I believe, based on my training and experience, to be additional narcotics, specifically one orange prescription bottle with a ripped-off label containing 69 white capsule pills stamped "218" from a black bag on the dining room table.

h. While searching the kitchen of the Residence, the Probation officers recovered one bag of gelatin caps containing multiple clear empty capsules in a closet and a black plastic bag containing multiple blue plastic caps inside a cabinet to the right of the refrigerator, materials which I believe, based on my training and experience, are further narcotics distribution paraphernalia.

i. During the search of the Residence, ACEVEDO stated that the narcotics that the Probation officers recovered were heroin and were for his personal use.

5. Based on my communications with an ATF interstate nexus Special Agent who is familiar with the manufacturing of firearms and ammunition, I have learned that the Charter Arms .38 Special caliber revolver was not manufactured in the State of New York.

WHEREFORE, I respectfully request that FELIPE ACEVEDO, the defendant, be imprisoned or bailed, as the case may be.

_____
DEAN CONIGLIARO
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn to before me this 6th day of October, 2023.

_____
THE HONORABLE STEWART D. AARON
United States Magistrate Judge
Southern District of New York

4